GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jair Zammi Nolasco,<br><br>Defendant. | CR-22-2350-TUC-RCC-EJM<br><br>SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.    The matter is set for sentencing on February 27, 2024.

2.    This case arose from an investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), which learned that the defendant had purchased a Barrett .50 BMG caliber rifle for almost $10,000 in cash on January 15, 2022, and he was to pick the rifle up three days later. ATF learned that the defendant spent almost $5,000 in cash for two pistols on December 10, 2021, which was suspicious given that his wages for 2021 were approximately $7,000, and he had an active unemployment benefit claim with the Arizona Department of Economic Security. ATF set up surveillance on January 18, 2022, when the defendant picked up the .50 caliber rifle from the FFL. After the defendant acquired the firearm and drove away from the FFL, agents observed him talking on his cell phone and driving to a residence that was a considerable distance from his own home.

3.      ATF agents stopped the defendant and interviewed him (after advising him of his *Miranda* rights even though he was not in custody). The defendant could only describe the firearm as a "semi rifle" and said he purchased it because he saw a similar weapon in a video game. The defendant eventually conceded that the other firearms were not in his possession and he did not know who was in possession of them. Agents asked the defendant several times whether the firearms he purchased were for him, and he never fully answered the question, shrugging his shoulders. The agents directly asked the defendant if he straw purchased the firearms, and he nodded affirmatively and admitted he had purchased an additional two to five firearms, including a 9mm and an AK-47 variant pistol, for which he paid cash. The defendant admitted he no longer had these firearms.

4.      In all, the defendant purchased five firearms and four lower receivers. On March 1, 2022, one of the firearms (an AM-15 multi-caliber lower receiver) purchased by the defendant was recovered in Navojoa, Sonora, Mexico, along with nearly 200 other firearms and 3 million rounds of ammunition. On October 26, 2022, a Tucson federal grand jury indicted the defendant for six counts of straw purchasing. On November 9, 2023, the defendant pled guilty to the indictment pursuant to a written plea agreement.

5.      The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range is 12-18 months, based on a total offense level 13 and criminal history category I. The plea agreement provides that the defendant be sentenced to a period of incarceration between time served and 12 months. The probation department recommends 12 months and one day of incarceration, which is not technically within the sentencing range set out in the plea agreement.

6.      18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the

public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. §3553(a)(6).

7.      Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to no more than six months of incarceration and be placed on supervised release for three years. The defendant has no criminal history, but he must be held accountable for his actions, which almost certainly resulted in firearms ending up in the hands of a criminal element that has historically terrorized the people of the Republic of Mexico. The government will further explain its position at the sentencing hearing, currently set for February 27, 2024.

Respectfully submitted this 20th day of February, 2024.

GARY M. RESTAINO
United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 20th day of February, 2024, to:

Mark R. Resnick, Esq.
Counsel for defendant